NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBRA DENICE HATFIELD, | No. 17-35931 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00105-TLF |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted April 8, 2019[**]
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Debra Denice Hatfield appeals a decision of the district court affirming the

Social Security Commissioner's denial of supplemental security income and Title

II disability benefits.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's decision de novo and the ALJ's determination for substantial evidence, *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014), we affirm.[1]

1. The ALJ considered Hatfield's mental impairments in accordance with the regulations, first noting Hatfield had medically determinable mental impairments, but concluding that they result in no functional limitations. *See* 20 C.F.R. §§ 404.1520a(b), (d); *see also Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). The ALJ gave "significant weight" to the opinions of Drs. Ruddell, Kester, and Lewis and those opinions indicated no limitations or episodes of decompensation as a result of Hatfield's medically determinable mental impairments. *See* 20 C.F.R § 404.1520a(e)(4). Accordingly, the ALJ found Hatfield's mental impairments were not severe. *See* 20 C.F.R §§ 404.1520a(d)(1), 404.1522(a). Because Hatfield's mental impairments resulted in no limitations, they did not reduce her ability to perform work and therefore had no effect on her Residual Functional Capacity (RFC). *See* 20 C.F.R. § 404.1545.

2. The ALJ offered specific and legitimate reasons for discounting the testimony of Hatfield's treating physician, Dr. Medani. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). The ALJ assigned reduced weight to Dr. Medani's opinion, presented on a checkbox form, because it was

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

inconsistent with other medical evidence in the record and lacked explanation. *See*

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("[A]n ALJ need not

accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately

supported by clinical findings."). The ALJ also discredited the opinion of Ms.

Muszynski, an occupational therapist, because it did not cite objective medical

evidence, provided no explanation, and was inconsistent with other medical

evidence in the record. Accordingly, we find that the ALJ offered germane reasons

for her conclusion.[2]

3. The ALJ offered specific, clear, and convincing reasons for discrediting

Hatfield's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ found that Hatfield was working full-time at the time of the hearing and

she had worked several other jobs since the alleged onset of her disability,

contradicting her testimony about the severity of her alleged disability. *See Bray v.

Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (stating that an

ALJ may consider a claimant's work record in determining their credibility). The

---

[2] As an occupational therapist, Ms. Muszynski was considered an "other source" under the regulations in effect at the time of the ALJ's decision. *See* 20 C.F.R. 404.1513(d) (2013). The regulations were amended in January 2017, moving the relevant definitions to 20 C.F.R. 404.1502, 2017 WL 168819. As an "other source," Ms. Muszynski's opinion was not entitled to the same deference as a treating physician. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Rather, the ALJ was only required to provide "germane reasons" for discounting Ms. Muszynski's opinion. *Id.*

ALJ also found Hatfield's testimony inconsistent with her daily activities. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). The ALJ's conclusion that several aspects of Hatfield's daily activities contradicted her testimony is supported by the record, and as such, we will not "second-guess that decision." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

4. The ALJ erred at step four of the sequential evaluation by finding that Hatfield could return to her past relevant work, but that error was harmless because the ALJ alternatively found that Hatfield could perform other jobs existing in sufficient numbers in the economy. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042–43 (9th Cir. 2008) (finding the ALJ's error at step four was harmless where the ALJ made an alternative finding at step five that the claimant could perform other work existing in significant numbers in the national and local economies).

5. At step five of the evaluation the ALJ relied on the testimony of a Vocational Expert (VE). *See Gutierrez v. Colvin*, 844 F.3d 804, 806 (9th Cir. 2016) ("To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations."). Hatfield contends that the ALJ failed to resolve a discrepancy between the VE's testimony and her RFC because Hatfield's RFC limits her to five hours of standing in a workday while light work requires six

4

hours of standing. *See* SSR 83-10, 1983 WL 31251 (Jan. 1, 1983). Although the full range of light work generally requires six hours of standing, the Social Security Administration has stated, and this Court has reiterated, the requirements of occupations listed in the Dictionary of Occupational Titles are maximum requirements, not the requirements of each particular job within that occupation. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *Gutierrez*, 844 F.3d at 807–08. Furthermore, the ALJ confirmed with the VE that the identified jobs were suitable for someone who could only stand or walk for five hours in a workday.

**AFFIRMED**.